JOHN D. DEWHURST, JR. and ARLENE DEWHURST, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dewhurst v. Commissioner
Docket No. 2124-88
United States Tax Court
T.C. Memo 1989-499; 1989 Tax Ct. Memo LEXIS 502; 58 T.C.M. (CCH) 136; T.C.M. (RIA) 89499; September 11, 1989
John D. Dewhurst, Jr., and Arlene Dewhurst, pro se. James S. Yan, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent in a motion filed August 7, 1989, moved for summary judgment under Rule 121. [1] By Court order dated August 10, 1989, petitioners were permitted to object or respond to respondent's Motion for Summary Judgment. Petitioners failed to make a response. Respondent, in a December 23, 1987, notice of deficiency, determined for the taxable year 1983 a $ 12,036 deficiency in income tax; a $ 2,264.50 addition to tax under section 6651(a)(1); a $ 601.80 addition to tax under section 6653(a)(1); and an addition of 50 percent of the interest due on $ 8,698 under section 6653(a)(2). *503 After petitioners' failure to contact respondent or to attend a meeting scheduled to discuss their case, respondent on June 23, 1989, served a First Request for Admissions on petitioners. Petitioners failed to file a response, and the requests for admissions are deemed admitted under Rule 90(c). The following pertinent facts are deemed admitted: Petitioners resided in Whittier, California, at the time of the filing of their petition herein. Petitioners filed their 1983 joint Federal income tax return on April 18, 1985. The 1983 return reported a $ 2,978 tax liability which was not paid by petitioners. On October 14, 1986, petitioners filed an amended 1983 return reflecting a zero tax liability and seeking a $ 575 refund. Respondent began an examination of petitioners' 1983 taxable year by means of an April 13, 1987, letter, and petitioner-husband sent a April 27, 1987, letter which contained insults and profanity but did not address any of the examination matters concerning petitioners' 1983 taxable year. Petitioners failed to appear at all meetings scheduled by respondent's examining agent. Petitioners claimed a dependency exemption for Wanda Taylor, but have failed to *504 prove that they provided one-half of Wanda Taylor's support. Petitioner's claimed $ 1,701 in medical and dental expenses, but have failed to substantiate any of these items. Petitioner's claimed $ 1,020 for charitable deductions and they also failed to substantiate these items. Concerning an engineering and plumbing business, petitioners claimed, but have not substantiated, the following amounts: Cost of goods sold -- $ 18,757 and business deductions -- $ 30,870. Petitioners' correct taxable income for 1983 is $ 41,127 and their income tax was understated in the amount of $ 8,698. Petitioners are liable for self-employment tax in the amount of $ 3,338. Respondent's determination is presumptively correct and the burden is on petitioners to establish that it is incorrect. ; Rule 142(a). Rule 121(b) provides that a motion for summary judgment shall be granted if the pleading and admissions show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Petitioners here have not responded to the Court's or the respondent's inquiries or requests for information, facts, *505 or their views. Although petitioners have been willing to insult respondent, they failed or refused to provide information to support certain deductions and an exemption claimed on their 1983 return. Their failure to respond to respondent's request for admissions supplies sufficient facts to establish that no genuine issue as to any material fact remains in dispute, and accordingly summary judgment will be granted. To reflect the foregoing, Respondent's motion will be granted, and a decision will be entered for the respondent.
Footnotes
1. Rule references are to the Tax Court's Rules of Practice and Procedure. Section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year 1983.↩